**Boris NIKOLOSKI, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

No. 04–0037–AG NAC.

United States Court of Appeals,
Second Circuit.

Jan. 10, 2006.

Sunit K. Joshi, Sokol Braha, New York, New York, for Petitioner.

James G. Martin, United States Attorney for the Eastern District of Missouri, Suzanne J. Moore, Assistant United States Attorney, St. Louis, Missouri, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Boris Nikoloski, through counsel, petitions for review of the BIA decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 176 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

▮ Nikoloski's claim of past persecution rested on one police beating at the May 1991 demonstration, and four brief interrogations. Substantial evidence supports the IJ's finding that these experiences, in the aggregate, did not amount to past persecution. Nikoloski never alleged that he suffered any physical coercion or lasting harm, and it is "well established" that " 'minor beatings and brief detention ... do not amount to political persecu-

tion.'" *Ai Feng Yuan v. United States Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (citation and quotation marks omitted). That Nikoloski came to the United States so soon after these events, but chose to return to Macedonia rather than apply for asylum at the time, further undermines the significance of these events to him, for purposes establishing both past persecution and subjective fear of future persecution.

■ The telephone threats were the substance of Nikoloski's claim of fear of future persecution. However, he provided no evidence other than his own testimony for the somewhat implausible claim that anonymous callers had continued to make frequent threats throughout his ten-year absence from Macedonia. Generally, an applicant should present corroboration, or an explanation for its absence, when it "would reasonably be expected." *Diallo,* 232 F.3d at 285; *see also Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003). Here, the IJ emphasized that Nikoloski's son was geographically available, but that Nikoloski never asked him to testify. Without corroboration, the IJ reasonably concluded that Nikoloski was not sufficiently credible to establish a subjectively genuine fear of persecution. *See Zhou Yun Zhang,* 386 F.3d at 77–79; *cf. Diallo,* 232 F.3d at 287–89.

Finally, substantial evidence supports the IJ's determination that Nikoloski's fear of future persecution was not objectively reasonable in light of existing country conditions. The IJ discussed in detail the evidence on the record about the Albanian majority in Gostivar, the alliance of the Albanians with the Communists, and recent rising ethnic tensions, exacerbated by the violence perpetrated by the Albanian National Liberation Army, but found that conditions had stabilized recently. Moreover, Nikoloski failed to exhaust his argument that the IJ should have stayed his

decision pending the results of the upcoming elections in Macedonia by failing to raise it before either the IJ or the BIA. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

■ The BIA did not abuse its discretion or deny Nikoloski due process by failing to address the evidence he presented of the new elections. An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

The BIA affirmed the IJ without opinion, and it is well established in this circuit that this streamlining procedure is not, per se, a due process violation. *Yu Sheng Zhang v. DOJ,* 362 F.3d 155, 158 (2d Cir. 2004). Moreover, Nikoloski never argued, either to the BIA or this Court, that his case was inappropriate for streamlining. His argument that the BIA departed from established policies by failing to take administrative notice of the elections and remand also fail because he never made such a request of the BIA. Under the governing regulation, "a party asserting that the Board cannot properly resolve an appeal without further factfinding *must* file a motion for remand." 8 C.F.R. § 1003.1(d)(3)(iv) (emphasis added). The same regulation also gives the BIA the authority to take administrative notice of commonly known facts such as current events, and to remand cases to the IJ for further factfinding, *sua sponte,* but this authority is discretionary. *Id.* The circumstances of this case indicate that the BIA did not abuse its discretion in declining to exercise this authority because Nikoloski waited for six months after the election to present the evidence, and even then did not indicate how it would change the result in his case.

Nikoloski did not challenge the IJ's denial of CAT relief in his brief before this Court, and therefore, it is deemed waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005); *see also Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending request for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).